Barton, J.
INTRODUCTION
On or about July 12, 1994, the defendantwas tried, on the above indictments and found not guilty by reason of mental illness. See generally, Common *644 wealth v. McHoul, 352 Mass. 544 (1967). Pursuant to G.L.c. 123, §16 (a), the defendant was sent to Bridgewater State Hospital for an examination.
Following receipt of a report by Dr. Paul Nestor, and based on further evidence offered at a hearing, I make the following Findings of Fact.
FINDINGS OF FACT
1. The evaluation of the defendant and report by Dr. Nestor reveal that the defendant is mentally ill as defined at 104 CMR 3.01; he is not a proper subject for commitment to a Department of Mental Health facility; and the failure to retain Mr. Filonenko in strict custody would create a likelihood of serious harm, as defined at c. 123, §1, by reason of mental illness.
2. Mr Filonenko is a Ukrainian national who was in this country pursuant to a Special American Business Internship Training Program (SABIT) when because of his mental illness he killed his roommate, Sergey Sander.
3. Based on the evidence, I find that the Pavlov Institute in Kiev, Ukraine, is an institution that is comparable to Bridgewater State Hospital, both as to its security and its treatment modalities.
4. I find that the relevant provisions of the Ukraine Criminal Code authorize the commitment to a medical facility of an individual who has committed a crime for which he is not criminally responsible, and that he will remain committed to the facility until his mental illness is cured or if further commitment is unnecessary. [A translation of the relevant provisions of the Criminal Procedure Code of Ukraine is appended to this Order.]
5. I find that Mr. Filonenko will benefit from treatment at the Pavlov Institute in Kiev, Ukraine because he will be in his native country with treatment professionals who speak Ukrainian, and that the defendant will be near his family, who will be able to assist in his therapy.
6.1 find that it is possible to transfer Mr. Filonenko from Bridgewater State Hospital to the custody of the Massachusetts State Police, who can accompany Mr. Filonenko to Kiev and deliver him to the proper Ukrainian authorities who will take him to the Pavlov Institute.
7.1 find that the defendant assents to the proposed order that he be committed to Bridgewater State Hospital, with an eventual transfer to the Pavlov Institute, and that he has offered his assent freely, willingly and intelligently.
8. I find that the Commonwealth and counsel for the defendant also have filed their written assent to this Court’s proposed order.
9. I find that if Mr. Filonenko is taken to Kiev, Ukraine his name will thereafter appear on a list of the Immigration and Naturalization Service which would preclude Mr. Filonenko from entering the United States of America.
RULINGS OF LAW
1. When an individual is found not guilty by reason of mental illness or mental defect, and a subsequent examination indicates that the individual (1) is mentally ill, (2) is inappropriate for commitment to a D.M.H. facility, and (3) is in need of strict security, G.L.c. 123, §16(b) requires the individual to be committed to Bridgewater State Hospital.
2. Bridgewater State Hospital is designated as the appropriate facility because it is the only hospital or mental health facility in the Commonwealth that is equipped to deal with an individual who needs strict custody because of his mental illness.
3. The Pavlov Institute in Kiev, Ukraine is a secure facility that is comparable to Bridgewater State Hospital, and the defendant can receive comparable treatment there at no expense at all to the Commonwealth except for transportation of the defendant to the facility-
4. Commitment of the defendant to the Pavlov Institute would thus comport with the legislative mandate that he be committed to a facility that provides strict security as well as appropriate psychiatric treatment.
5. If the defendant were to return to the United States at any time, he would be remanded to Bridgewater State Hospital for further proceedings under G.L.c. 123.
ORDER
Bearing in mind the legislative intent of G.L.c. 123, §16(b), and the idiosyncratic nature of this case, I enter the following order:
1. Mr. Filonenko is hereby committed to the Bridgewater State Hospital.
2. After the proper arrangements have been completed, Bridgewater State Hospital is ordered to release Mr. Filonenko to the custody of the Massachusetts State Police.
3. The Massachusetts State Police are ordered to deliver Mr. Filonenko to the proper authorities in Kiev, Ukraine, who will then transport Mr. Filonenko to the Pavlov Institute, where he will receive treatment for his mental illness.
4. Unless this Court orders otherwise, if Mr. Filonenko returns to the United States, he is to be remanded to Bridgewater State Hospital pending further proceedings pursuant to G.L.c. 123.